**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEVEN D. HARDIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. 08-cv-302-TLW |

**OPINION AND ORDER**

Plaintiff Steven Hardin seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416 (i), 423, and 1382c(a)(3)(A). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 11).

**Background**

Plaintiff was born on January 7, 1957. Two hearings were held before an administrative law judge (ALJ), the first on November 20, 2006 and the second on April 10, 2007. Plaintiff filed for disability insurance benefits on May 20, 2004, alleging the onset of disability as March 1, 2003. He is married and has two children, who were ages 14 and 11 at the time of the hearing on November 20, 2006. Plaintiff, his father, and Dr. Michael Martin, Ph.D., a licensed clinical psychologist, testified at the first hearing. (R. 15). Plaintiff and Mr. Richard Maris, a Certified Public Accountant testified at the second hearing. Id. Plaintiff completed 160 hours of college credit but did not graduate. Id.

Plaintiff was the principal shareholder of the corporate entity "Newman-Hardin, Inc.," doing business as "The Phonograph," a supplier and installer of custom sound and home theatre equipment. (R. 16).

At the hearing on April 10, 2007, Mr. Maris, a certified public accountant employed by The Phonograph, testified that plaintiff was the primary signer and guarantor for the company's bank loans. (R. 587-88). Maris further testified that Roger and Rhonda Owings dealt with most of the day-to-day financial decisions of the company and that he was not aware of any day to day involvement that plaintiff had with the company's operations. Id. However, Maris also testified that plaintiff has a desk and computer at the company but that it is not exclusively plaintiff's and is used by others in plaintiff's absence.

When questioned about plaintiff's involvement in a recent lawsuit involving the company, Maris testified that the suit commenced around April, 2004 and was resolved in January, 2005. Maris testified that the parties named as defendants were the Phonograph, plaintiff as an individual, himself as an individual, and the shareholders of the company. All of the claims were handled as one. Maris testified that he produced most of the documents for discovery and conducted most of the preparation for the meetings with the company's attorneys. In addition, plaintiff had ultimate authority to settle the lawsuit. (R. 616). Maris testified that the lawsuit was settled with a $50,000 up front cash payment, and a note of $85,000 over 5 years, with escalating payments. Of the $50,000 that was paid initially, $20,000 came from corporate funds (from the general account) and the other $30,000 came from plaintiff's personal retirement account and was lent to the company. (R. 592). When questioned about plaintiff's W-2 forms for the years 2003-2006, Maris described at length his process for off-setting company owed receivables as reportable income on shareholders' W-2s. (R. 597-601).

### Decision of The ALJ

The ALJ denied benefits at step one of the five step analysis, finding that plaintiff had engaged in substantial gainful activity since his alleged onset date of March 1, 2003. Specifically, the ALJ found that there was sufficient financial entanglement between plaintiff and the corporate entity Newman-Hardin, Inc. (of which plaintiff is the largest shareholder) that he went beyond the realm of a passive investor receiving investor income and into Substantial Gainful Activity. (R. 20).

### Issue Raised

On appeal plaintiff raises two issues of error:

First: The ALJ failed to follow the analysis set forth in the regulations to determine whether Plaintiff engaged in substantial gainful activity (SGA), and the ALJ's finding regarding SGA is not supported by substantial evidence.

Second: The ALJ erred by relying on facts at Step One that do not apply to the year 2006.

### Discussion

The role of a court in reviewing the decision of the Commissioner under 42 U.S.C. 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. See Briggs ex. Rel. Riggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996); and Castellano v. Secretary of Health & Human Serv., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 398, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." O'Dell v. Shalala, 44,

F.R.D. 855, 858 (10th Cir. 1994). A court is to consider whether the ALJ followed the "specific rules of law that must be followed in weighing particular types of evidence in disability cases," but the court will not reweigh the evidence or substitute its judgment for that of the ALJ. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

Plaintiff contends that the ALJ failed to follow the analysis set forth in the regulations to determine whether Plaintiff engaged in substantial gainful activity, and that the ALJ's finding that Plaintiff was engaged in substantial gainful activity is not supported by substantial evidence.

At step one, the plaintiff has the burden of showing that he is not performing substantial gainful activity.[1]  20 C.F.R. §§ 404.1571, 416.971. See also Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992). If the nature of the plaintiff's work requires the use of experience, skills, supervision and responsibilities, or contributes substantially to the operation of a business, it tends to show that the plaintiff has the ability to work at a substantially gainful activity level. 20 C.F.R. §§ 404.1573(a), 416.973(a). The time spent in such work is an important factor in

---

[1] Disability under SSA is defined as the "inability to engage in any substantial gainful activity by reason of any determinable physical or mental impairment." 42 U.S.C. § 423 (d)(1)(A). A plaintiff is disabled under the SSA only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §423 (d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 416.920. Step one requires plaintiff to establish that he is not engaged in substantial gainful activity as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that plaintiff establish that he has a medically sever impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. § 404.1521, 416.921. If plaintiff is engaged in substantial gainful activity (step one) or if plaintiff's impairment is not medically severe (step two) disability benefits are denied. At step three, plaintiff's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt., App.1. A plaintiff suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where plaintiff must establish that she does not retain the residual function capacity (RFC) to perform past relevant work. If plaintiff's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which plaintiff – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

evaluating SGA, but it is not the sole determining factor. 20 C.F.R. §§ 404.1573(e), 416.973(e). Work performed by a plaintiff is still evaluated to determine if it is substantial, regardless of how it compares to time spent at work by unimpaired individuals. Id. The record contains substantial evidence that plaintiff contributed meaningfully to the operation of The Phonograph (irrespective of how much time he spent), and thus was engaged in substantial gainful activity. For example, the record establishes that plaintiff made loans to the business out of his personal retirement funds, that he actively participated in the business's lawsuit and had full settlement authority in the litigation, that he received numerous payments from the corporation on his corporate credit card, that he used a company vehicle, that he loaned the company money from his personal credit card in order to buy equipment, and that he made significant decisions related to the financial statements of the business. (R. 213, 609-611).

Further, the ALJ notes that as a majority stockholder in the business, plaintiff is not a regular employee, and thus the regulations set forth in 20 C.F.R. §§ 404.1575, 416.975 are applicable. Sections 404.1575 and 416.975 set forth a three part test in evaluating whether a self-employed person is engaged in substantial gainful activity. Test one provides that a claimant has engaged in substantial gainful activity if he or she renders services that are significant to the operation of the business and receives a substantial income from the business. Plaintiff concedes that for most of the period at issue he received "substantial income from the business." (Dkt. # 16 at 7). Services rendered are to be considered significant if the plaintiff operates a business entirely by himself or herself, contributes more than half the total time required for the management of the business, or more than 45 hours a month regardless of the total management time required by the business. 20 C.F.R. §§ 404.1575(b)(1), 416.975(b)(1). Plaintiff testified that he was at The Phonograph from six to fifteen hours per week. (R. 21).

Thus, at least during certain periods, plaintiff meets the first test; however, the ALJ did not base his conclusion that plaintiff was engaged in substantial gainful activity on test one.  Id.

Test two states that a self-employed plaintiff has engaged in substantial gainful activity if his or her work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in the community who are in the same or similar businesses.  The ALJ did not base his decision in finding plaintiff had engaged in SGA on this test.

Test three states that a self-employed plaintiff has engaged in substantial gainful activity if a plaintiff's work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount required by statute when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work.  The Court agrees with the ALJ that plaintiff is "of significant value to the corporate entity" and has income that is far above what is deemed to be substantial gainful activity by statute.  (R. 21, 22).

Plaintiff contends that the ALJ erred by considering facts which do not apply to the year 2006 and by denying plaintiff benefits for the entire period of his alleged disability.  The ALJ referenced accounts receivable records from 2006 in his decision.  These records showed plaintiff's use of a company vehicle, use of a corporate credit card, use of an AT&T card to make payments on behalf of The Phonograph, and payments received by plaintiff and W-2 wages.  (R. 18).  Further the ALJ noted the ongoing financial entanglement between plaintiff and The Phonograph.  (R. 19).  The ALJ also detailed information regarding the settlement of a lawsuit in 2006 through which plaintiff committed The Phonograph to obligations occurring over the subsequent five (5) years.  Id.  All of the "2006" facts on which the ALJ relied evidence an

ongoing involvement by plaintiff in the business of The Phonograph, not one time isolated incidences. The undersigned finds no merit to this argument.

## **Conclusion**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and that the correct legal standards were applied. Thus, the Court AFFIRMS the decision of the Commissioner denying disability benefits to plaintiff.

SO ORDERED this 9th day of September, 2010.

T. Lane Wilson  
United States Magistrate Judge